IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **COLONIAL PIPELINE COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**AIG SPECIALTY INSURANCE COMPANY,**<br><br>Defendant.<br>_____<br>**AIG SPECIALTY INSURANCE COMPANY**<br><br>Third-Party Plaintiff,<br><br>v.<br><br>**COLONY SPECIALTY INSURANCE COMPANY and CECO PIPELINE SERVICES COMPANY, INC.**<br><br>Third-Party Defendants. | **CIVIL ACTION FILE NO.<br>1:19-CV-00762-MLB** |

**MEMORANDUM OF LAW TO SUPPORT MOTION BY CECO PIPELINE SERVICES COMPANY TO DISMISS THE THIRD-PARTY COMPLAINT FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A THIRD-PARTY CLAIM FOR RELIEF**

CECO Pipeline Services Company, Inc. ("CECO") files this motion to dismiss the third-party claims filed by AIG Specialty Insurance Company ("AIG") (Doc. 40) for lack of "case or controversy" jurisdiction under the Declaratory

Judgment Act, codified at 28 U.S.C. § 2201, and for failure to state a third-party claim upon which relief may be granted under Rules 12 and 14.

## FACTS

In its Complaint, Colonial seeks coverage from AIG for claims that resulted from a gasoline leak in Alabama (the "CR-91 Event"). (Doc. 1.) As alleged by Colonial, its dispute with AIG concerns whether Colonial has satisfied the self-insured retention (SIR) under the policy for AIG's coverage to attach. (Id., ¶¶ 41-49.) AIG answered Colonial's allegations by stating, in pertinent part, that "the SIR in the Policy has not been fully and properly exhausted in according with the terms and conditions of the Policy." (Doc. 23, ¶ 48.)

Thereafter, AIG moved for leave to assert a third-party complaint against both CECO and Colony in which it reiterated that its defense that "Colonial has not exhausted insurance available on a primary, non-contributory basis." (Doc. 28, ¶ 3.) AIG further alleged that pursuant to the terms of its contract with CECO, Colonial is entitled to coverage from Colony as CECO's carrier "for the CR-91 Event on a primary, non-contributory basis." (Id., ¶¶ 7-8.) In requesting leave to assert a third-party complaint, AIG stated (in its entirety) that it was seeking the following declaratory relief:

> 9. As Third-Party Plaintiff, AIG Specialty's Third-Party Complaint seeks a declaration that:
>
> a. Colonial is an additional insured under the Colony Policy;

> b. Colony is required to defend and indemnify Colonial on a primary, non-contributory basis under the Colony Policy for the CR-91 Event; and
>
> c. To the extent AIG Specialty has any obligation to indemnify Colonial under the AIG Specialty Policy for the CR-91 Event, that obligation does not arise unless and until Colonial exhausts its primary insurance coverage, including the limits of liability of the Colony Policy.

(Id., ¶ 9.) Noticeably absent from AIG's motion for leave was any relief sought from CECO, despite AIG's acknowledgement in its motion that Rule 14 is limited to claims "against a third-party defendant who is or may be liable to it for all or part of the claim against it." (Doc. 28, ¶ 1 (*citing* Fed. R. Civ. P. 14(a)(1)).

Colonial opposed AIG's motion by contending that AIG did not have standing to seek a determination of its rights under the contract with CECO or the Colony policy. (Doc. 32.) The Court granted AIG's motion, however, concluding that AIG "should be allowed to pursue its declaratory action to establish the rights and obligations between the insurers and Plaintiff." (Doc. 39, p. 8.) In support, the Court cited Provident Life & Accident Insurance Company v. Transamerica-Occidental Life Insurance Company, 850 F.2d 1489 (11th Cir. 1988), where Provident sought a declaration of its coverage obligations relative to Transamerica to a ***common*** insured. (Id., pp. 7-8.) As the Court noted, "[h]ere, the insured party – Colonial – is named in the suit." (Id., p. 8.)

Perhaps because AIG did not seek (and is not seeking) any relief from CECO – nor is CECO a "common insured" of AIG -- the existence of a "case or controversy" justifying CECO's presence as a third-party defendant was not addressed in the order granting leave to AIG to file its third-party complaint. Indeed, there is nothing to be "declared" with respect to CECO as there is not even an allegation that CECO failed to comply with the terms of its contract with Colonial. Moreover, as early as July 31, 2018 – before this lawsuit began -- Colony tendered to Colonial the *full* amount of its $5 million of coverage under the policy issued to CECO. (Exhibit A.)[1]

The entirety of AIG's dispute, in other word, concerns its obligations to Colonial based upon Colony's coverage to Colonial as an additional insured. There is simply no relief sought from CECO. For the reasons explained below, therefore, AIG's claim against CECO must be dismissed for lack of jurisdiction or alternatively for failure to state a third-party claim for relief under Rule 14(a)(1).

## ARUGMENT AND CITATION TO AUTHORITY

### A. Absence of Case or Controversy Jurisdiction

"Article III of the United States Constitution limits the jurisdiction of the federal courts to cases and controversies of sufficient concreteness to evidence a

---

[1] As explained below, matters outside the pleadings are properly before the Court on a factual attack to subject matter jurisdiction. See Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11 Cir. 1990).

ripeness for review." Digital Properties, Inc. v. City of Plantation, 121 F.3d 586, 589 (11th Cir. 1997). As the Eleventh Circuit has explained, "the most important of the Article III doctrines grounded in the case-or-controversy requirement is that of standing." A&M Gerber Chiropractic, LLC v. Geico Gen. Ins. Co., 925 F.3d 1205, 1210 (11th Cir. 2019) (*quoting* Wooden v. Bd. of Regents of the Univ. Sys. of Ga., 247 F.3d 1262, 1273 (11th Cir. 2001)). Further, "[s]tanding cannot be waived or conceded by the parties, and it may be raised (even by the court *sua sponte*) at any stage of the case." Id.

Consistent with these constitutional requirements, the Declaratory Judgement Act requires there is "a case of actual controversy." 28 U.S.C. § 2201(a). The question presented is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 283 (1941) (construing the Declaratory Judgment Act). The party seeking declaratory relief has the burden to show it "has suffered some actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition." A&M, 953 F.3d at 1210 (*quoting* Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co., 68 F.3d 409, 414 (11th Cir. 1995)). Further, the party "must assert a reasonable expectation

that the injury [it has] suffered will continue or will be repeated in the future." A&M, 953 F.3d at 1211 (*quoting* Malowney v. Federal Collection Deposit Grp., 193 F.3d 1342, 1346 (11th Cir. 1999)).

As stated above, this Court allowed AIG's third-party claim to proceed based on case law that there is a "case or controversy" between co-insurers who have a common insured – such as in this case where Colonial is insured by both AIG and Colony. Here, the controversy concerns the extent to which Colony's duties and obligations to *Colonial,* as an additional insured, affect AIG's obligations to Colonial. (Doc. 40, ¶ 80.)  Noticeably absent from that equation is any rights or obligations by CECO -- indeed, nowhere does AIG allege that CECO did not comply with the terms of the contract with Colonial or do anything that affects its coverage obligations owed to Colonial.

Moreover, as shown by the attached exhibit, Colony has tendered to Colonial the full $5 million coverage limit of its policy issued to CECO. (Exhibit A.) This additional fact is properly before the Court to resolve whether there is a factual basis to support its jurisdiction. In this circumstance,

> the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction -- its very power to hear the case -there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*See* Lawrence, 919 F.2d at 1529 (*quoting* Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir. 1981)). Although Colony's tender of the full policy limit to Colonial is not necessary to show the absence of jurisdiction, it underscores the total absence of a case or controversy to support AIG's claim against CECO.

In sum, AIG has not met (and cannot meet) its burden to show that it has standing to pursue a declaratory judgment against a party with whom it has no privity and to whom it neither owes coverage nor is owed any legal obligations. The absence of a case or controversy to satisfy jurisdiction under Article III requires that CECO be dismissed as a third-party defendant.

### B. Failure to State a Claim for Third-Party Relief

Even if federal jurisdiction existed, AIG has failed to state a claim for third-party relief. Under Rule 14(a)(1), "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Stated otherwise, the third-party claim must depend on the outcome of the main claim:

> A third-party claim may be asserted under Rule 14(a)(1) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defending party. The secondary or derivative liability notion is central and thus impleader has been successfully utilized when the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory.

Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1446 (3d ed. 2010); see also Ga. Power Co. v. Sure Flow Equipment, Inc., 2014 LEXIS 14199, *8 (N.D. Ga. 2014) ("Rule 14 provides that a defendant can implead a third-party to assert claims against it if such claims are dependent upon the outcome of the main claim.")

In its Complaint, Colonial seeks a declaration that it has satisfied its SIR such that AIG's layer of coverage has attached to its liabilities. (Doc. 1.) In turn, AIG has filed a third-party complaint against Colony who, as co-insurer of Colonial, "may is or may be liable to [AIG] for all or party of the claim against [AIG] by [Colonial]." No such relief, however, is sought against CECO, who is a stranger to the contract between AIG and Colonial and who is not alleged to owe *any* sums to AIG for which AIG may be found to owe to Colonial.

Using the language of the legal authorities quoted above, the (non-existent) third-party claim against CECO is not "dependent upon the outcome of the main claim" by Colonial against AIG. Accordingly, even if AIG had shown a case or controversy with CECO its allegations do not support a third-party claim for relief.

## CONCLUSION

For the above, reasons, AIG's third-party complaint against CECO must be dismissed.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
Mallory D. Ball
Georgia Bar No. 880318
mball@fmglaw.com

*Attorneys for CECO Pipeline Services Company, Inc.*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T:  770.818.0000
F:  770.937.9960

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing **MEMORANDUM OF LAW TO SUPPORT MOTION BY CECO PIPELINE SERVICES COMPANY TO DISMISS THE THIRD-PARTY COMPLAINT FOR LACK OF JURISDICTIONAND FOR FAILURE TO STATE A THIRD-PARTY CLAIM FOR RELIEF** has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

                                                **FREEMAN MATHIS & GARY, LLP**

                                                */s/ Philip W. Savrin*
                                                Philip W. Savrin
                                                Georgia Bar No. 627836
                                                psavrin@fmglaw.com

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339
Phone: 770-818-0000
Fax:  770-937-9960

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **MEMORANDUM OF LAW TO SUPPORT MOTION BY CECO PIPELINE SERVICES COMPANY TO DISMISS THE THIRD-PARTY COMPLAINT FOR LACK OF JURISDICTIONAND FOR FAILURE TO STATE A THIRD-PARTY CLAIM FOR RELIEF** with the Clerk of the court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record in this action:

| | |
|---|---|
| Lawrence J. Bracken, II<br>Laura Wagner<br>Alexander D. Russo<br>Hunton Andrews Kurth LLP<br>600 Peachtree Street, N.E., St. 4100<br>Atlanta, GA 30308 | John C. Bonnie<br>Georgia Bar No. 067540<br>Weinberg, Wheeler, Hudgins,<br>Gunn & Dial, LLC<br>3344 Peachtree Road, Suite 2400<br>Atlanta, GA 30326 |
| Andrea DeField<br>Hunton Andrews Kurth LLP<br>1111 Brickell Ave. 25th Floor<br>Miami, FL 33131 | Michael S. Levine<br>Hunton Andrews Kurth LLP<br>2200 Pennsylvania Ave. NW<br>Washington, DC 20037 |
| Joseph A. Hinkhouse<br>Joshua A. Boggioni<br>Stephanie A. Sauve<br>Hinkhouse Williams Walsh LLP<br>180 North Stetson Avenue, Suite 3400<br>Chicago, Illinois 60601 | |

This 4th day of February, 2020.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836

*Counsel for CECO Pipeline Services Company*

100 Galleria Parkway
Suite 1600
Atlanta, GA  30339-5948
T:  (770) 818-1405
F:  770.937.9960

# **<u>EXHIBIT</u>**

# Tollefson Bradley Mitchell & Melendi, LLP

2811 McKinney, Suite 250 West
Dallas, Texas 75204
Facsimile:   214.665.0199
Telephone:   214.665.0100

Stephen A. Melendi	stephenm@tbmmlaw.com
	Direct:  214.665.0103

July 31, 2018

Kyle V. Miller
Butler Snow
1020 Highland Colony Parkway
Ridgeland, MS  39157	**Via email: kyle.miller@butlersnow.com**

Re:	Named Insured:	Ceco Pipeline Services Company, Inc.
	Policy No.:	CSP304883
	Claim No.:	254528
	Claimant:	Colonial Pipeline Company
	Matter ID:	7237.267

Dear Kyle,

Please allow this letter to constitute my client's response to yours of June 29, 2018.

As you are aware, my client issued a policy which provides liability coverage to Ceco with a policy limit of $5 million per occurrence and $5 million in the aggregate. As a result, regardless of the number of claims made against Ceco, the limit of coverage available to Ceco from Colony is $5 million. Based upon the foregoing, Colony is not in a position to accept the $20 million demand present in your June 29, 2018 letter regardless of the presence of liability and coverage issues presented by the facts of the dispute between Colonial and Ceco.

In response to your offer, in an effort to reach an amicable resolution of this matter regardless of the potential liability and coverage issues present in this dispute, my client will pay the full $5 million limit of the policy issued to Ceco in exchange for a release of all pollution related damages and costs (such terms to be specifically defined at a later date and time).

Please contact me at your convenience so we may further discuss my clients offer and the attempt to reach an amicable resolution of the dispute between Colonial and Ceco.

Sincerely,

*Stephen Melendi* (by permission)

Stephen A. Melendi

SAM/jc

Kyle Miller
July 31, 2018
Page 2

cc:     John Sullivan
        **john.sullivan@tklaw.com**